UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Crim. No. 05-429-4 (JAF) |
| v. | |
| JASON MIRANDA, | |
| Defendant. | |

**OPINION AND ORDER**

Defendant, Jason Miranda, moved for a reduction of his sentence pursuant to the amended sentencing guidelines for cocaine base ("crack"). (Docket No. 2279.) We denied this motion, noting that Defendant was a leader of a criminal conspiracy in which firearms were possessed. (Docket No. 2282.) The First Circuit vacated our order and remanded for further explanation of our decision. United States v. Jason Miranda, No. 09-2412 (1st Cir. July 29, 2010). Defendant files a supplemental memorandum in support of sentence reduction. (Docket No. 2324.) For the reasons stated below, we again deny Defendant's motion.

In November 2007, the U.S. Sentencing Commission (U.S.S.C.) sought to lessen the disparity between the treatment of cocaine powder and cocaine base ("crack") by dropping the base offense level for possession of crack by two levels for any amount less than 4.5 kilograms. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") supp. app. C, amends. 706, 707, 715 (2009).

Crim. No. 05-429-4 (JAF) -2-

Congress has provided that, where the U.S.S.C. lowers a sentencing range pursuant to 28 U.S.C. § 994(o), a defendant previously sentenced to imprisonment under that range may move the court for a reduction in his term of imprisonment. 18 U.S.C. § 3582(c)(2). This reduction is not as of right and may be granted only after the court considers both the policy statements of the U.S.S.C. and the sentencing factors of 18 U.S.C. § 3553(a).[1] Id. The U.S.S.C. policy statement on sentencing reductions states that a reduction cannot be granted if applying the amended guideline would not have the effect of lowering the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B) (2009). The commentary to the Guidelines Manual also counsels that public safety and post-sentencing conduct should be considered. Id. § 1B1.10 cmt. n.1(B). The following sentencing factors are among those outlined in 18 U.S.C. § 3553(a):

  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

---

[1] The undersigned, as a member of the U.S. Judicial Conference Committee on Criminal Law and in a joint effort with the U.S.S.C., issued an Administrative Directive on February 15, 2008, detailing the streamlined procedure to be followed in determining the applicability and extent of a reduction. See In re: Petitions for Retroactive Appl. of the Nov. 1, 2007 Amend. to the Crack Cocaine Offense Level Guidelines, No. 08-31 (D.P.R. Feb. 15, 2008), attached as App. 1. In the interest of expedience, the Directive also stated that the disposition of sentencing reductions would be entered on AO Form 247, a simple fill-in-the-blanks Order Regarding Motion for Sentence Reduction, as prepared by the Judicial Conference Committee on Criminal Law. Id.; see also Memorandum from the Hon. Julie E. Carnes, Chair of the Judicial Conference Comm. on Criminal Law (Feb. 20, 2008), available at http://www.ussc.gov/training/DIR8-025.pdf.

Crim. No. 05-429-4 (JAF) -3-

>（D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

In this case, Defendant entered a straight guilty plea to a single count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of crack, one kilogram or more of heroin, and a measurable quantity of marijuana. (Docket Nos. 2; 1000.) The Presentence Report relied on a Drug Enforcement Administration ("DEA") Agent's drug quantity report attributing thirty-six kilograms of crack to Defendant. (Docket No. 2281-2 at 25.) Defendant objected to this quantity, and the parties stipulated at a later evidentiary hearing to a quantity between 0.5–1.5 kilograms of crack, with a specific recommendation for a sentence of 240 months. (See Docket Nos. 2048 at 2–4 (Sentencing Hr'g); 2069 (Evid. Hr'g).)

In the trial of a coconspirator who worked as a seller at Defendant's drug distribution point, the Rincón Taíno housing project, DEA Agent Johnny Melendez testified that Defendant's personnel sold an estimated 1/8 kilogram of crack per week at Rincón Taíno. (See Docket No. 2073 at 85–56.) By contrast, the generous sentencing stipulation entered into by the parties reflected possession of between .5 and 1.5 kilograms of crack—despite evidence suggesting Defendant owned the Rincón Taíno drug point for a term of years, selling 1/8 kilogram per week each of crack, powder cocaine, and heroin. Even under the revised sentencing guidelines, Defendant need only have sold 4.5 kilograms of crack to reach the

Crim. No. 05-429-4 (JAF)                                                                                                          -4-

highest base offense level of thirty-eight—a mere nine months' worth of Defendant's sales. After sentencing enhancements for firearms and leadership role, Defendant would have been exposed to a net offense level of forty with a sentence range of 292–365 months, as opposed to the 240 months' imprisonment to which he was sentenced. Thus, reduction of Defendant's sentence, already lenient in proportion to his crime, would run counter to the need for the sentence to reflect the seriousness of the offense and provide just punishment. See § 3553(a)(2)(A).

In addition, Defendant's criminal history included a charge, later dismissed, for unauthorized firing of a handgun in a public space. (Docket No. 2281-2 at 28.) This, along with the use of firearms in the conspiracy, factors into our analysis of Defendant's potential threat to public safety.

While Defendant's positive steps toward rehabilitation are laudable (see Docket No. 2324 at 9–10), they do not outweigh §3553(a)(2)(A) and our concern for public safety.

For the foregoing reasons, we hereby **DENY** Defendant's motion for sentence reduction under § 3582(c)(2) (Docket No. 2323).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of July, 2011.

                                       s/José Antonio Fusté
                                       JOSE ANTONIO FUSTE
                                       U.S. District Judge